IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY FERRARA | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 2:15-cv-00182 |
| | § | |
| 4JLJ, LLC d/b/a J4 Oilfield Services, | § | |
|     Defendant. | § | |

### DEFENDANT 4JLJ, LLC d/b/a J4 OILFIELD SERVICES' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant 4JLJ, LLC d/b/a J4 Oilfield Services ("4JLJ" or "Defendant") and files this, its Original Answer and Affirmative Defenses to Plaintiff's Original Complaint, and respectfully shows the Court as follows:

### I. Responses to Specific Allegations in Plaintiff's Original Complaint

4JLJ responds as follows to the numbered paragraphs in Plaintiff's Complaint:

1. With respect to Paragraph 1 of Plaintiff's Original Complaint, 4JLJ admits that Plaintiff often worked in excess of 40 hours in a workweek and was not paid overtime and was paid a salary. 4JLJ also admits that Plaintiff alleges a claim under the FLSA, but denies that any claim is proper, or that Plaintiff is entitled to any relief whatsoever. All allegations in Paragraph 1 of Plaintiff's Complaint which are not specifically admitted are denied.

2. 4JLJ admits this Court has original subject matter jurisdiction.

3. 4JLJ admits that venue is proper.

4. Plaintiff's Original Complaint does not contain a numbered Paragraph 4.

5. With respect to Paragraph 5 of Plaintiff's Original Complaint, 4JLJ admits that Plaintiff is a former employee of 4JLJ. 4JLJ is without specific knowledge to admit or deny where Plaintiff resides. All allegations in Paragraph 5 of Plaintiff's Complaint which are not specifically admitted are denied.

6. 4JLJ admits the allegations in Paragraph 6 of Plaintiff's Original Complaint.

7. With respect to Paragraph 7 of Plaintiff's Original Complaint, 4LJL admits it is an employer within the meaning of 29 U.S.C § 203(d).

8. With respect to Paragraph 8 of Plaintiff's Original Complaint, 4LJL admits it is an enterprise within the meaning of 29 U.S.C § 203(r).

9. With respect to Paragraph 9 of Plaintiff's Original Complaint, 4JLJ admits that it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i) and (ii), and that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated). All allegations in Paragraph 9 not specifically admitted are denied.

10. 4JLJ admits the allegations in Paragraph 10 of Plaintiff's Original Complaint.

11. 4JLJ admits the allegations in Paragraph 11 of Plaintiff's Original Complaint.

12. 4JLJ admits the allegations in Paragraph 12 of Plaintiff's Original Complaint.

13. With respect to Paragraph 13 of Plaintiff's Original Complaint, 4JLJ admits that Ferrara was required to ensure certain data was reported, that work was to be performed within

certain job requirements and equipment limitations, and that Plaintiff was terminated for pressurizing a wellhead at 150% of its maximum rating. All allegations in Paragraph 13 of Plaintiff's Complaint which are not specifically admitted are denied.

14. 4JLJ denies the allegations in Paragraph 14 of Plaintiff's Original Complaint.

15. 4JLJ admits that it was aware that on occasion Plaintiff worked more than 40 hours in a workweek.

16. 4JLJ denies the allegations in Paragraph 16 of Plaintiff's Original Complaint.

17. 4JLJ denies the allegations in Paragraph 17 of Plaintiff's Original Complaint.

18. Paragraph 18 of Plaintiff's Original Complaint does not contain any factual allegations for which any response is appropriate.  4JLJ denies the assertions and factual allegations, if any, in Paragraph 18 of Plaintiff's Original Complaint, that any claim is proper or that Plaintiff is entitled to any relief whatsoever.

19. Paragraph 19 of Plaintiff's Original Complaint does not contain any factual allegations for which any response is appropriate.  4JLJ denies the assertions and factual allegations, if any, in Paragraph 19 of Plaintiff's Original Complaint, that any claim is proper or that Plaintiff is entitled to any relief whatsoever.

20. Paragraph 20 of Plaintiff's Original Complaint does not contain any factual allegations for which any response is appropriate.  4JLJ denies the assertions and factual allegations, if any, in Paragraph 20 of Plaintiff's Original Complaint, that any claim is proper or that Plaintiff is entitled to any relief whatsoever.

21. Paragraph 21 of Plaintiff's Original Complaint does not contain any factual allegations for which any response is appropriate.  4JLJ denies the assertions and factual allegations,

if any, in Paragraph 21 of Plaintiff's Original Complaint, that any claim is proper or that Plaintiff is entitled to any relief whatsoever.

22. Paragraph 22 of Plaintiff's Original Complaint does not contain any factual allegations for which any response is appropriate.

23. The Prayer of Plaintiff's Original Complaint does not contain any factual allegations for which any response is appropriate.  4JLJ denies the assertions and factual allegations, if any, in Plaintiff's Prayer.  Unless otherwise specifically admitted, 4JLJ denies any factual basis for which Plaintiff's Prayer may pertain, that any claim is proper or that Plaintiff is entitled to any relief whatsoever.

## II. Affirmative Defenses

The following affirmative and additional defenses are alleged on information and belief and except as expressly stated otherwise, each defense applies to the entire Original Complaint and to each purported cause of action or claim for relief therein and to each other person on whose behalf this action seeks to be presented.  Defendant reserves the right to amend or withdraw any and all defenses or to raise any and all additional defenses as or after they become known during or after the course of investigation, discovery or trial.

No assertion of any affirmative defense shall constitute either an admission that Plaintiff does not bear the burden of proof or burden of producing evidence on any element of any cause of action or claim for relief or on any issue as to which Plaintiff bears the burden of proof or the burden of producing evidence as a matter of law, or a waiver of any of Defendant's right to require that Plaintiff satisfy any burden of proof or burden of producing evidence.

1. Without admitting Plaintiff is entitled to any damages whatsoever, Plaintiff's claims for liquidated damages are barred because all actions taken by Defendant, if any, were in good faith.

2. Plaintiff's claims are barred for all periods in which Plaintiff met the requirements of an exempt employee as set forth in the FLSA and the regulations issued thereunder by the Secretary of Labor.

3. To the extent that any overtime is due, Defendant is entitled to offset all amounts paid at premium pay for work outside of Plaintiff's work schedule.

4. To the extent that any overtime is due, Plaintiff is not entitled to any pay for time waiting to be engaged.

5. To the extent that any overtime is due, Defendant is entitled to offset all amounts paid in excess of any legal minimum requirement.

6. Plaintiff's claims are barred to the extent they seek compensation for periods excluded under the Portal-to-Portal Act.

### III. Prayer

WHEREFORE, PREMISES CONSIDERED, 4JLJ prays that upon final hearing, this Court deny Plaintiff's Original Complaint, enter an order that Plaintiff take nothing and that 4JLJ recover its costs and fees herein expended, and grant 4JLJ all other relief to which it may show itself to be entitled.

        Respectfully submitted,

        BRANSCOMB | PC
        A Professional Corporation
        802 N. Carancahua, Suite 1900
        Corpus Christi, Texas  78401
        Telephone:  (361) 886-3800
        Telecopier:  (361) 886-3805

By:   /s/ Keith B. Sieczkowski
        Keith B. Sieczkowski
        TSB# 18341650
        Fed Id# 7118
        ksieczkowski@branscombpc.com
        ATTORNEYS FOR DEFENDANT
        4JLJ, LLC d/b/a J4 Oilfield Services

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this the 16th day of June, 2015, a true and correct copy of the foregoing has been forwarded to all parties pursuant to the Federal Rules of Civil Procedure.

James B. Moulton
Moulton & P rice, P.C.
109 S.H. 110 South
Whitehouse, Texas 75791

        /s/ Keith B. Sieczkowski
        Keith B. Sieczkowski