UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY FERRARA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-182 |
| | § | |
| 4JLJ, LLC; dba J4 OILFIELD SERVICES, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING MOTION FOR SUBSTITUTED SERVICE

Pending is Defendant's motion for substituted service of a trial subpoena on Humberto Morales for trial scheduled before Hon. Nelva Gonzales Ramos on **Monday, September 19, 2016** (D.E. 65). Additionally, Defendants are requesting an emergency hearing (*Id.*). The motion was referred to the undersigned United States Magistrate Judge. According to Defendant, witness Morales has attempted to evade the subpoena and its process server has attempted at least fifteen times to serve the subpoena on Morales at his residence.

Rule 45 of the Federal Rules of Civil Procedure requires *delivery to the named person*. FED. R. CIV. P. 45(b)(1).[1] Defendant argues that the rule does not require that the subpoena be personally delivered to the person, and that substituted service under these circumstances should suffice. The rule is silent on substituted service. The Fifth

---

[1] The Court will assume, for purposes of this motion, that since the witness resides more than 100 miles from the courthouse, the language of FED. R. CIV. P. 45(c)(1)(B)(ii) applies, and that the Defendant has satisfied the requirement of not requiring the witness to "incur substantial expense" by offering to pay the witness's travel, mileage, and lost wages.

Circuit has never held that substituted service of a trial subpoena is appropriate. District courts have declined to find service of a subpoena sufficient unless personally delivered to a non-party witnesses. *See Weiss v. Allstate Ins. Co.*, 512 F.Supp.2d 463, 466 (E.D. La. 2007)(citing *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968)); *Bonnecaze v. Ezra & Sons, LLC*, No. 14-1774, 2016 WL 1268339 at *3-4 (E.D. La. 2016); *Morawski v. Farmers Texas County Mut. Ins. Co.*, No. 3:14-mc-21-D-BN, 2014 WL 717170 at *2 (N.D. Tex 2014); *Nunn v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-1486-D, 2010 WL 4258859 (N.D. Tex. 2010)(citing *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003)).

Defendants argue that reliance on *Harrison* is misplaced because there the court found that service on a non-party's attorney was ineffective and that in this case they seek permission to serve Morales either by certified mail or by affixing the subpoena to the front door of his home. They argue that the holding in *Harrison* requires only that delivery be made to the witness and not some third party who is out of the plaintiff's control. However, service by certified mail or affixing the subpoena to the door in no way guarantees that delivery is made to the witness. Both methods would deliver the subpoena to a residence where Morales may or may not be present to receive it.

Defendants further argue that courts should not rely on *In re Dennis* to find that service must be delivered personally to a non-party. The issue addressed by the court was whether witness fees were required to be simultaneously tendered with the service of a subpoena and the court held that they were. *Dennis*, 330 F.3d at 705. Defendant in this case characterizes as dicta the court's statement that "The conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also

tendering of the witness fee and a reasonable mileage allowance." *Id.* at 704. Even if the sentence is dicta, it offers no support for Defendant's contention that personal delivery of a subpoena is not required.

The Court declines to stretch the words "delivering a copy to the named person" to mean anything other than personal delivery of a copy of the subpoena to witness Morales. Elsewhere in the Federal Rules of Civil Procedure, service under state law and other types of service are allowed. *See* FED. R. CIV. P. 4(e). To date, neither the Rules Committee nor Congress has deemed it appropriate to place similar language in Rule 45. This case has been pending approximately 18 months and evidently witness Morales was not deposed, though he was available to be deposed in another federal action (*See* D.E. 66).

The motion (D.E. 65) is denied in all things.

ORDERED this 14th day of September, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE