**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ANTHONY FERRARA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 2:15-CV-00182** |
| | § | **JURY DEMANDED** |
| | § | |
| | § | |
| **4JLJ, LLC d/b/a J4 OILFIELD SERVICES** | § | |

**THIRD AMENDED PROPOSED JURY INSTRUCTIONS**

Plaintiff, Anthony Ferrara, and Defendant, 4JLJ, LLC d/b/a J4 Oilfield Services (jointly, the "Parties"), respectfully submit their proposed jury instructions and verdict forms pursuant to Paragraph 8 of the Court's Scheduling/Docket Control Order [Dkt. No. 9]. The Parties reserve the right to submit additional, revised, or supplemental instructions or interrogatories prior to the jury charge based upon, among other things, the Court's rulings on evidentiary objections, dispositive motions, and directed verdict motions. In submitting these proposed instructions, the Parties in no way waive arguments they previously made, or anticipate making, in dispositive motions, in responses to dispositive motions, or in evidentiary motions or objections. Finally, the Parties do not waive their right to move for a directed verdict on certain issues, or their right to object to instructions on particular claims or defenses.

Respectfully submitted,


___/s/ James Moulton_____
James Moulton
State Bar No. 24007712
jim@moultonprice.com
Jeff Price
State Bar No. 24093528
jeff@moultonprice.com
Moulton & Price, P.C.
109 SH 110 South
Whitehouse, Texas 75791
Ph:  903-871-3163
Fax: 903-705-6860


*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I certify one true and correct copy of the foregoing instrument was served on Defendant's lead counsel of record by electronic mail through the Court's EFCEM system on this 16th day of September, 2016.


___/s/ James Moulton_____
James Moulton
State Bar No. 24007712
jim@moultonprice.com
Jeff Price
State Bar No. 24093528
jeff@moultonprice.com
Moulton & Price, P.C.
109 SH 110 South
Whitehouse, Texas 75791
Ph:  903-871-3163
Fax: 903-705-6860


*Attorneys for Plaintiff*

**JURY INSTRUCTION NO. 1**

**Preliminary Voir Dire Instruction**

Ladies and Gentlemen, we are about to begin the process of jury selection. Before the process begins, however, there is some preliminary information that you should have in order to better understand what will be presented to you and which may have an influence on your suitability as a prospective juror in this case.

The party who brings a lawsuit is called the plaintiff. In this action the Plaintiff is Anthony Ferrara. The Plaintiff is represented by James Moulton and Jeff Price, who are seated at the counsel's table nearest you. The party who the plaintiff sues is called the defendant, and in this action the Plaintiff sued his former employer, Defendant 4JLJ, LLC. The Defendant is represented by Dan Pipitone and Michael Harvey, who are seated at the counsel's table furthest from you.

This case is being brought by Plaintiff pursuant to the Fair Labor Standards Act, which, among other things, provides for the payment of overtime pay for hours worked over 40 in a workweek. Plaintiff claims that the Defendant owes him overtime wages for overtime hours he claims he worked while he was employed by the Defendant. The Defendant claims that because the Plaintiff was a Supervisor who made over $100,000 per year, he was exempt from the overtime provisions of the Fair Labor Standards Act and so he was paid as a salaried employee who is not entitled to overtime wages.

Now that you have heard some of the information that will be presented at trial, the attorneys and I will now ask you some questions to help us select jurors for this case. We want to know if some personal experience or special knowledge might influence your decision. We also want to know if your personal opinions might affect your decision. Please understand that

these questions are not meant to embarrass you or to pry into your personal affairs. People often have strong feelings that they may be reluctant to disclose, but you have sworn in this case to answer all questions truthfully and completely and you must do so. If you do not understand a question, raise your hand or ask for an explanation. Remaining silent when you have information to disclose is as much a violation of your oath as making a false statement. A violation of your oath to tell the whole truth would be very serious and could result in civil and criminal penalties against you.

**AUTHORITY**:    3 E. Devitt, C. Blackmar & M. Wolff, <u>Federal Jury Practice and Instructions</u>§ 70.01 (4th ed. 1987).

# JURY INSTRUCTION NO. 2

## Preliminary Instructions

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. Before the trial begins, however, there are certain instructions you should have in order to understand what will be presented before you and how you should conduct yourself during trial.

As the jury, you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Pay close attention to the testimony and evidence. If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits may be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should

attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys, and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are not evidence, and instead are intended to assist you in understanding the significance of the evidence that will be presented. It is now time for the opening statements.

**AUTHORITY**: *Pattern Jury Instructions (Civil)*, U.S. Fifth Circuit District Judges Association § 1.1 (2006, 2014)

**JURY INSTRUCTION NO. 3**

**Stipulations Of Fact**

The parties have agreed, or stipulated, that:

**[READ STIPULATIONS OF FACT FROM THE PRETRIAL ORDER]**

A "stipulation" is an agreement.  When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts.  You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.


**AUTHORITY**:          *Pattern Jury Instructions (Civil)*, U.S. Fifth Circuit District Judges Association § 2.3 (2014).

**JURY INSTRUCTION NO. 4**
**Demonstrative Evidence**

The following exhibits are illustrations:

If your recollection of the evidence differs from the exhibit, rely on your recollection.

**AUTHORITY**:       *Pattern Jury Instructions (Civil)*, U.S. Fifth Circuit District Judges
Association § 2.8 (2006).

## JURY INSTRUCTION NO. 5
## Limiting Instruction

You will recall that during the course of this trial I instructed you that I admitted certain testimony [and certain exhibits] for a limited purpose and I instructed you that you may consider some testimony and documents as evidence for a limited purpose. You may consider such evidence only for the specific limited purposes for which it was admitted. [Specific limiting instructions may be repeated as appropriate.]

**AUTHORITY**: *Pattern Jury Instructions (Civil)*, U.S. Fifth Circuit District Judges Association § 2.15 (2006).

## JURY INSTRUCTION NO. 6
## Impeachment By Witnesses' Inconsistent Statements

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**AUTHORITY**:     *Pattern Jury Instructions (Civil)*, U.S. Fifth Circuit District Judges Association § 2.16 (2006, 2014)

**JURY INSTRUCTION NO. 7**
**Consideration Of The Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents, and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**AUTHORITY**: *Pattern Jury Instructions (Civil)*, U.S. Fifth Circuit District Judges Association § 3.3 (2014).

# JURY INSTRUCTION NO. 8
## Deposition Testimony

Certain testimony has been presented to you through a deposition.  A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.  The questions and answers have been (read/shown) to you during this trial.  This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

        **AUTHORITY**:        *Pattern Jury Instructions (Civil)*, U.S. Fifth Circuit District Judges Association § 2.23 (2006).

**JURY INSTRUCTION NO. 9**

**FAIR LABOR STANDARDS ACT (29 U.S.C. SEC. 216)**

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of overtime pay.  The Plaintiff claims that the Defendant did not pay him overtime pay and the Defendant asserts that it did not pay the Plaintiff overtime pay because the Plaintiff was exempt from the Fair Labor Standards Act because he was a Supervisor.  It is the Plaintiff's burden to prove each [**Def. and every one**] of the following [**Def. elements**] by a preponderance of the evidence:

1.  That the Plaintiff was employed by the Defendant during the time period involved;

2.  That the Defendant's business employed at least two persons and was engaged in commerce or the production of goods for commerce and had annual gross sales of at least $500,000; and

3.  That the defendant failed to pay the plaintiff overtime pay required by law.

An employer must pay its non-exempt employees at least one and one-half times their regular rate for overtime work.  An employee's regular rate is the basis for calculating any overtime pay due the nonexempt employee.  The regular rate for a week is determined by dividing the first forty (40) hours worked into the total wages paid for those forty (40) hours.  The overtime rate, then, is one and one-half times that rate.  In their defense, the Defendant claims that even if you find that the Plaintiff has proven [**Def. each and every**][**Plaint. all the necessary**] element[s] of his claim, the overtime pay law does not apply because the Plaintiff, [**Def. as a Supervisor who made at least $100,000 per year,**] was [**Def. legally**] exempt from those requirements.  The exemptions claimed by the Defendant are the Executive exemption, the Administrative exemption, and the Highly Compensated Employee exemption.

[Plaint. The law requires that exemptions be construed narrowly against the employer, and the employer has the burden of proving that an employee is exempt.[1] The employer must prove facts by a preponderance of the evidence that show the exemption is plainly and unmistakably applicable.[2]  As the regulations make clear, a job title does not determine whether an employee is exempt.   The employee's actual job duties and compensation determine whether the employee is exempt or nonexempt.[3]]

[Def.  Probationary status is not determinative of exemption status.  It is the capacity in which the Plaintiff worked for Defendant and the duties that he performed that determine whether he was exempt from the overtime requirements of the FLSA.[4]  As such, you should examine the actual duties that Plaintiff performed and the circumstances and character of his employment with Defendant as a whole.[5]

Plaintiff's ability, or lack thereof, to perform job duties competently is also not determinative of exemption status.  You must examine the job duties Plaintiff was charged with performing, not whether he failed to perform those duties competently.[6]]

 [Plaint. In this case, Defendant claims that it is exempt from the FLSA's overtime provisions.  To establish that it is exempt, Defendant must prove each of the following facts by a preponderance of the evidence]:

### Highly Compensated Exemption

---

[1] *Tyler v. Union Oil Co. of Cal.,* 304 F.3d 379, 402 (5th Cir. 2002).

[2] *Meza v. Intelligent Mexican Marketing, Inc.*, 720 F.3d 577, 581 (5th Cir. 2013).

[3] 29 C.F.R. § 541.2

[4]      *Parry v. New Dominion Const., Inc.*, 2015 WL 540155, at *4 (W.D. Penn. 2015) (citing *Craig v. Far West Engineering Co.*, 265 F.2d 251 (9th Cir. 1959)).

[5]      29 C.F.R. § 541.700(a) (defining "primary duty" as including a "major emphasis on the character of the employee's job as a whole").

[6]      *Id.* ("The Court is mindful that it is the capacity in which the employee works which determines whether the employee is exempt from the overtime requirements of the FLSA and not the employee's capabilities or experience for some other type of work.")

Your verdict must be for the Defendant if the [**Plaint. Defendant proves the**] following elements [**Def**. **have been proved**]:

1. Plaintiff's total annual compensation is $100,000 or more;

2. Plaintiff customarily and regularly performs any one [**Def. any one (in bold type)**] or more of the exempt duties or responsibilities of an executive, administrative, or professional employee [**Def**. **even if Plaintiff does not perform any other duties otherwise required**]; and

3. The Plaintiff's primary duty includes performing office or [**Def. any type of**] non-manual work.

**[Def. A high level of compensation is a strong indicator of an employee's exempt status, thus there is no need to engage in a detailed analysis of the Plaintiff's job duties in order to determine if this exemption applies. Thus, the Plaintiff will qualify as a highly compensated executive employee, for example, if he customarily and regularly directs the work of two or more other employees, even if you find that the Plaintiff does not meet any of the other requirements for the executive exemption**.] This exemption only applies to employees whose primary duty includes performing office or [**Def. any type of**] non-manual work. [**Plaint. Thus, for example, non-management production-line workers and nonmanagement employees in maintenance, construction and similar occupations such as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers, laborers and other employees who perform work involving repetitive operations with their hands, physical skill and energy are not exempt under this section no matter how highly paid they might be**.][7]

**[Def. Defendant must prove only that Plaintiff performed one exempt duty on a customary and regular basis to be exempt from the FLSA as a highly compensated**

---
[7] 29 C.F.R. § 541.601(d)

**employee. If any of the exempt duties detailed herein are proved, then Plaintiff is exempt from the overtime provisions of the FLSA as a matter of law. 29 C.F.R. § 541.601(a).]**

An employee who does not work a full year for the employer, either because the employee is newly hired after the beginning of the year or ends the employment before the end of the year, may qualify for exemption under this section if the employee receives a *pro rata* portion of the minimum amount established in paragraph one (1) of the above elements, based upon the number of weeks that the employee will be or has been employed.

**SOURCE:**          *Pattern Jury Instructions (Civil)*, U.S. Fifth Circuit District Judges Association § 11.1 (2006); 29 C.F.R. § 541.3; 29 C.F.R. § 541.101-541.106; 29 C.F.R. § 541.201(b); 29 C.F.R. § 541.200-541.204; 29 C.F.R. § 541.500-541.503; 29 C.F.R. § 541.50; 29 C.F.R. § 541.601; 29 C.F.R. § 541.700; 29 C.F.R. § 541.700(a); 29 U.S.C. § 203; 29 U.S.C. § 207; 29 U.S.C. § 213(a)(1); 29 § 541.601.]

*Executive Employee Exemption*

[**Def. Your verdict must be for the Defendant if the following elements have been proved**]:

1.  Plaintiff was compensated on a salary basis, as defined in Instruction No.10, at a rate of not less than $455 per week; [**Plaint. and**]

2.  Plaintiff's primary duty was the management of the enterprise in which Plaintiff was employed, or of a customarily recognized department or subdivision thereof; [**Plaint. and**]

3.  Plaintiff customarily and regularly directed the work of [**Plaint. at least**] two or more other [**Plaint. full-time**]employees[**Plaint. or their equivalent**]; and

4. Plaintiff had authority to hire or fire other employees, or Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or [**Def. any**] other change of status of other employees were given particular weight.

The term "primary duty" means the principal, main, major or most important duty that the employee performs. Determination of the Plaintiff's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the Plaintiff's job as a whole. Factors to consider when determining the primary duty of the Plaintiff include, but are not limited to, the relative importance of the exempt duties, as described above, as compared with other types of duties Plaintiff performed; the amount of time Plaintiff spent performing exempt work, as described above; the Plaintiff's relative freedom from direct supervision; and the relationship between the Plaintiff's salary and the wages paid to other employees for the kind of nonexempt work performed by the Plaintiff. The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee. Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and the law does not require that exempt employees spend more than 50 percent of their time performing exempt work. Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion.

**[Plaint. Thus, for example, assistant managers in a retail establishment who perform exempt executive work such as supervising and directing the work of other employees, ordering merchandise, managing the budget and authorizing payment of bills may have management as their primary duty even if the assistant managers spend more**

**than 50 percent of the time performing nonexempt work such as running the cash register.**
**However, if such assistant managers are closely supervised and earn little more than the**
**nonexempt employees, the assistant managers generally would not satisfy the primary duty**
**requirement.[8]**]

Generally, management includes, but is not limited to, activities such as [**Plaint.**
**interviewing, selecting, and training of employees; setting and adjusting their rates of pay**
**and hours of work**];directing the work of employees; [**Plaint. maintaining production or sales**
**records for use in supervision or control; appraising employees' productivity and efficiency**
**for the purpose of recommending promotions or other changes in status; handling**
**employee complaints and grievances; disciplining employees;**][9]planning the work;
determining the techniques to be used; apportioning the work among the employees; determining
the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be
bought, stocked and sold; controlling the flow and distribution of materials or merchandise and
supplies; providing for the safety and security of the employees or the property; [**Def.**
**interviewing, selecting, and training of employees; setting and adjusting their rates of pay**
**and hours of work; maintaining production or sales records for use in supervision or**
**control; appraising employees' productivity and efficiency for the purpose of**
**recommending promotions or other changes in status; handling employee complaints and**
**grievances; disciplining employees;**] planning and controlling the budget; and monitoring or
implementing legal compliance measures [**Plaint. The employee must customarily and**
**regularly direct the work of two or more other employees.**] The phrase "two or more other
employees" means two full-time employees or their equivalent. One full-time and two half-time

---

[8] 29 C.F.R. § 541.700(c)
[9] 29 C.F.R. § 541.02

employees, for example, are equivalent to two full-time employees. Four half-time employees are also equivalent.

[**Def. Work that is "directly and closely related" to the performance of exempt work is also considered exempt work. The phrase "directly and closely related" means "tasks that are related to exempt duties and that contribute to or facilitate performance of exempt work." Thus, "directly and closely related" work may include physical tasks and menial tasks that arise out of exempt duties, and the routine work without which the exempt employee's exempt work cannot be performed properly. Work "directly and closely related" to the performance of exempt duties may also include recordkeeping; monitoring and adjusting machinery; taking notes; using the computer to create documents or presentations; opening the mail for the purpose of reading it and making decisions; and using a photocopier or fax machine**.]

[**Def. The supervision can be distributed among two, three, or more employees, but each such employee must customarily and regularly direct the work of two or more other fulltime employees or the equivalent**].

The phrase "customarily and regularly" means a frequency that is greater than occasional but [**Def. which, of course,**] may be less than constant. Tasks or work performed "customarily and regularly" includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks.

### *Administrative Employee Exemption*

Your verdict must be for the Defendant if the [**Plaint**. **Defendant proves the**]following elements [Def. **have been proved**]:

1. Plaintiff was compensated on a salary basis, as defined in Instruction No. 10, at a rate of not less than $455 per week;

2. Plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of the Defendant or the Defendant's customers; and

3. Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

The term "primary duty" means the principal, main, major or most important duty that the employee performs.

Exercising discretion and independent judgment generally involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after various possibilities are considered. The exercise of discretion and independent judgment may result in recommendations for action rather than the actual taking of action. Employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment.

"Work directly related to management or general business operations" includes[**Def. , but is not limited to**], work in functional areas such as [**Def. quality control; safety and health; personnel management; legal and regulatory compliance;**]tax; finance; accounting; budgeting; auditing; insurance; [**Plaint. quality control**]purchasing; procurement; advertising; marketing; research; [**Plaint. safety and health; personnel management**] human resources; employee benefits; labor relations; public relations, government relations; computer network,

internet and database administration; [**Plaint. legal and regulatory compliance**;][10] and similar activities.

[**Plaint. To be work directly related to the management or general business operations of the employer, the work must be directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.[11] Thus, the administrative exemption is limited to those employees whose primary duty relates to the administrative as distinguished from the production operations of a business. In other words, it relates to employees whose work involves servicing the business itself - employees who can be described as staff rather than line employees.[12]**

**The term "matters of significance" refers to the level of importance or consequence of the work performed. An employee does not exercise discretion and independent judgment with respect to matters of significance merely because the employer will experience financial losses if the employee fails to perform the job properly. Similarly, an employee who operates very expensive equipment does not exercise discretion and independent judgment with respect to matters of significance merely because improper performance of the employee's duties may cause serious financial loss to the employer.[13]**]

[**Def. Work that is "directly and closely related" to the performance of exempt work is also considered exempt work. The phrase "directly and closely related" means "tasks that are related to exempt duties and that contribute to or facilitate performance of exempt work." Thus, "directly and closely related" work may include physical tasks and menial**

---

[10] Plaintiff's proposed language tracks 29 C.F.R. § 541.201(b)
[11] 29 CFR § 541.201(a)
[12] 69 Fed. Reg. 2212, 2214 (April 23, 2004); see also US Dept. of Labor Administrator's Interpretation No. 2010-1 (March 24, 2010)
[13] 29 CFR 541.202(f)

tasks that arise out of exempt duties, and the routine work without which the exempt employee's exempt work cannot be performed properly.  Work "directly and closely related" to the performance of exempt duties may also include recordkeeping; monitoring and adjusting machinery; taking notes; using the computer to create documents or presentations; opening the mail for the purpose of reading it and making decisions; and using a photocopier or fax machine.]

Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matter of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

The phrase "customarily and regularly" means a frequency that is greater than occasional, but [**Def. which, of course,**] may be less than constant. Tasks or work performed "customarily and

regularly" includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks. If, after considering all of the evidence, you find that the Plaintiff has failed to prove one or more of the elements of his claim, your verdict must be for the Defendant.

Even if the Plaintiff has proven the elements of his claim, you must return a verdict for the Defendant if the Defendant proves by a preponderance of the evidence that the Plaintiff fell within one of the exemptions claimed by Defendant.

**PLAINT. AUTHORITY**: *Pattern Jury Instructions (Civil)*, U.S. Fifth Circuit District Judges Association § 11.1 (2006); 29 C.F.R. § 541.3; 29 C.F.R. § 541.101-541.106; 29 C.F.R. § 541.201(b); 29 C.F.R. § 541.200-541.204; 29 C.F.R. § 541.500-541.503; 29 C.F.R. § 541.50; 29 C.F.R. § 541.700; 29 C.F.R. § 541.700(a); 29 U.S.C. § 203; 29 U.S.C. § 207; 29 U.S.C. § 213(a)(1); 29 § 541.601

**Note that Plaintiff objects to the inclusion of the definition of "directly and closely related." There is no need to define such term as such term does not appear anywhere in the charge. Defendant took the language from 29 § 541.703, which is merely the definition section of section 541. If the Court deems that the inclusion of such definition is warranted, then Plaintiff urges the Court to place said definition just below the "primary duty" section which discusses the relevance of the amount of time spent on exempt work in determining whether a duty is a primary duty.**

# JURY INSTRUCTION NO. 10

## "SALARY BASIS" DEFINITION

An employee is paid on a "salary basis" if the employee is regularly paid, on a weekly or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, and the amount is not subject to reduction because of variations in the quality or quantity of the work performed. An employee is paid on a salary basis even if the employee's salary is subject to reduction for one or more of the following reasons:

1. Deductions when an employee is absent from work for one or more full days for personal reasons other than sickness or disability;

2. Deductions for absences of one or more full days occasioned by sickness or disability (including work-related accidents) if the deduction is made in accordance with a bona fide plan, policy or practice of providing compensation or loss of salary occasioned by sickness or disability. Deductions for full-day absences also may be made before the employee has qualified under the plan, policy or practice, and after the employee has exhausted their leave allowance. Similarly, an employer may make a deduction from pay for absences of one or more full days if salary replacement benefits are provided under a state disability insurance law or under a state workers' compensation law.

3. While the employer may not make deductions for an employee's absence occasioned by jury duty, attendance as a witness or temporary military leave, the employer may offset any amounts received by the employee as jury fees, witness fees or military pay for a particular week against the salary for that particular week without loss of the exemption.

4. Deductions for penalties imposed in good faith for infractions of safety rules relating to the prevention of serious danger in the workplace or to other employees.

5. Deductions for unpaid disciplinary suspensions of one or more full days imposed in good faith for infractions of workplace conduct rules pursuant to a written policy applicable to all employees.

6. In the initial and final week of employment, the employer may pay a proportionate part of an employee's salary for the time actually worked.

7. When an employee takes an unpaid leave under the Family and Medical Leave Act, an employer may pay a proportionate part of the full salary for time actually worked.

**AUTHORITY**:     *Model Employment Law Jury Instruction,* Faculty of Federal Advocates pg. 120 (2013); 29 C.F.R. § 541.602.

# JURY INSTRUCTION NO. 11

## "STRAIGHT TIME" AND "OVERTIME" DEFINITIONS

"Straight time" means hours worked up to forty (40) in a workweek. "Overtime" means hours worked over forty (40) hours in a work week.

## JURY INSTRUCTION NO. 12

## General Instructions For Charge

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instruction to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence that on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial and unbiased manner, based entirely on the law and in the evidence presented to you in the courtroom. You may not be

influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

> **AUTHORITY:** ***Pattern Jury Instructions (Civil)*, U.S. Fifth Circuit District Judges Association § 3.1 (2014)**

# JURY INSTRUCTION NO. 13

## Duty To Deliberate

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up your honest beliefs because the other jurors think differently, or just to finish this case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a [ jury foreperson] [ presiding juror] to guide you in your deliberations and to speak for you here in the courtroom.

[Def.  **You must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.   The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law, and must be dealt with as equals in a court of justice.**

**In your deliberations, you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the**

evidence, you may make deductions and reach conclusions which reason and common sense lead you to make.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not be prejudiced against an attorney or their client because the attorney has made objections. If I allow testimony or other evidence to be introduced over the objection of an attorney, I am not indicating my opinion as to the weight or effect of that evidence. As I have stated before, you the jury are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression, "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is probably more true than not true.

In saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she

testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

Generally speaking, there are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You are to consider all the evidence in the case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.  Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts that have been established by evidence in the case.

The Plaintiff has the burden of proving each essential element of his claim by a "preponderance of the evidence."  A "preponderance of the evidence" means an amount of evidence that, when considered and compared with that opposed to it, is enough to persuade you that a claim or contention is more likely true than not true.  You should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in

**evidence, regardless of who produced them.**

**If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you must find against him.]**

Your verdict must be unanimous. After you have reached a unanimous verdict, your [jury foreperson] [ presiding juror] must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about this case.

If you need to communicate with me during your deliberations, the [jury foreperson] [presiding juror] should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**AUTHORITY:** *Pattern Jury Instructions (Civil)*, U.S. Fifth Circuit District Judges Association § 3.7 (2014).

**VERDICT FORM**

MEMBERS OF THE JURY:

Please answer the following questions from a preponderance of the evidence. If you find the evidence preponderates in favor of the issue presented, answer "YES." If you find the evidence is so equally balanced that you cannot determine a preponderance of the evidence, or if you find that the evidence preponderates against the issues presented, answer "NO."

Note: Complete the below paragraph by writing in the name required by your verdict.

**[Def. If you answer "yes" to Special Interrogatory Nos. 2–4 below, your verdict must be for Defendant.**

**If you answer "yes" to Special Interrogatory No. 1 and "no" to Special Interrogatory Nos. 2–4 below, your verdict must be for Plaintiff.]**

1. On the overtime claim of Anthony Ferrara against 4JLJ, LLC d/b/a J4 Oilfield Services, we find in favor of:

_____

(Plaintiff Anthony Ferrara or 4JLJ, LLC d/b/a J4 Oilfield Services)

_____

Foreperson

Dated: _____

SPECIAL INTERROGATORIES

Your verdict in this case will be determined by your answers to the following questions. Make sure that you read the questions and notes carefully because they explain the order in which the questions should be answered and which questions may be skipped.

As you may recall, in order to prove a violation of the FLSA, the Plaintiff must prove by a preponderance of the evidence the following:

1.      That the Plaintiff was employed by the Defendant during the time period involved;

2.      That the Defendant's business employed at least two persons and was engaged in commerce or the production of goods for commerce and had annual gross sales of at least $500,000; and

3.      That the defendant failed to pay the plaintiff overtime pay required by law.

The first two elements are not in dispute., because as you will recall, the Parties stipulated that Defendant employed Plaintiff at all relevant times and that 4JLJ, LLC was an enterprise engaged in commerce under the FLSA.  Therefore, you only need to determine whether Anthony Ferrara proved the third element of his FLSA overtime claim.

With respect to the third element, Plaintiff Anthony Ferrara must establish by a preponderance of the evidence that he worked more than 40 hours during any of the 7-day workweeks in which he was employed at 4JLJ, LLC, and that during such workweek(s), the Defendant failed to pay him one-half times his regular rate of pay for the overtime hours he worked.  If Plaintiff establishes those facts, Defendant then must establish that Plaintiff was an "exempt" employee in order to prevail.

34

Question No. 1:        Did Defendant fail to pay Plaintiff Anthony Ferrara overtime pay for all hours worked by Plaintiff Anthony Ferrara?

       <u>Instruction</u>: Plaintiff bears the burden of proving a violation of the FLSA.  If you find Plaintiff has met his burden, answer "Yes."  If not, answer "No."

Yes_____        No_____

(Mark an "X" in the appropriate space.)

Note:  If you answered "No" to Question No. 1,  then you do not need to answer Question Nos. 2 through 4.

Question No. 2:        Do you find that Defendant has proven that the Highly Compensated Employee Exemption applies to Plaintiff Anthony Ferrara's employment with Defendant?

       <u>Instruction</u>: Defendant bears the burden of proving exemptions to the FLSA.  If you find Defendant has met its burden, answer "Yes."  If not, answer "No."

Yes_____        No_____

(Mark an "X" in the appropriate space.)

Note:  If you answered "Yes" to Question No. 2,  then you do not need to answer Question Nos. 3 and 4.

Question No. 3:        Do you find that Defendant has proven that the Executive Exemption applies to Plaintiff Anthony Ferrara's employment with Defendant?

       <u>Instruction</u>: Defendant bears the burden of proving exemptions to the FLSA.  If you find Defendant has met its burden, answer "Yes."  If not, answer "No."

Yes_____        No_____

(Mark an "X" in the appropriate space.)

Note:   If you answered "Yes" to Question No. 3,  then you do not need to answer Question
No. 4.

Question No. 4:        Do you find that Defendant has proven that the Administrative Exemption
applies to Plaintiff Anthony Ferrara's employment with Defendant?

<u>Instruction</u>: Defendant bears the burden of proving exemptions to the FLSA.  If you
find Defendant has met its burden, answer "Yes."  If not, answer "No."


Yes_____        No_____

(Mark an "X" in the appropriate space.)