UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY FERRARA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-182 |
| | § | |
| 4JLJ, LLC; dba J4 OILFIELD SERVICES, | § | |
| | § | |
| Defendants. | § | |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY

It is my duty and responsibility to instruct you on the law you are to apply to this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

1

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the Plaintiff or the Defendant in arriving at your verdict. Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**Burden of Proof: Preponderance of the Evidence**

When I say in these instructions that a party bears the burden of proof on any proposition or that a party must prove a proposition, that party bears the burden of establishing that proposition by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that a party has failed to prove any element of that party's claim or defense by a preponderance of the evidence, then that party may not succeed on that claim or defense.

2

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Impeachment by Witness's Inconsistent Statement**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Claim for Overtime**

Plaintiff Anthony Ferrara claims that Defendant 4JLJ, LLC did not pay Plaintiff Anthony Ferrara the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

Defendant 4JLJ, LLC denies Plaintiff Anthony Ferrara's claims and contends that Defendant 4JLJ, LLC did not pay Plaintiff Anthony Ferrara overtime because Anthony Ferrara falls under one of the exemptions to the FLSA.

It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime.

To succeed on his claim, Plaintiff Anthony Ferrara must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff Anthony Ferrara was an employee of Defendant 4JLJ, LLC during the relevant period;

2. Plaintiff Anthony Ferrara was employed by an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000; and

3. Defendant 4JLJ, LLC failed to pay Plaintiff Anthony Ferrara the overtime pay required by law.

The first two elements are not in dispute because the parties stipulated that Defendant employed Plaintiff at all relevant times and that 4JLJ, LLC was an enterprise engaged in commerce under the FLSA. Therefore, you only need to determine whether Plaintiff Anthony Ferrara proved the third element of his FLSA overtime claim.

With respect to the third element, Plaintiff Anthony Ferrara must establish by a preponderance of the evidence that he worked more than 40 hours during any of the 7-day workweeks in which he was employed at 4JLJ, LLC, and that during such

workweek(s), the Defendant failed to pay him one-and-one-half times his regular rate of pay for the overtime hours he worked.

The FLSA requires an employer to pay an employee at least one-and-one-half the employee's "regular rate" for the time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. If, an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time he worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work. The regular rate for a week is determined by dividing the first forty 40 hours worked into the total wages paid for those forty 40 hours. The overtime rate, then, is one and one-half times that rate.

**Exemptions**

In this case, Defendant 4JLJ, LLC claims that it is exempt from the FLSA's overtime provisions. Specifically, Defendant contends that Plaintiff Anthony Ferrara falls within the executive employee exemption, the administrative employee exemption, and the highly compensated employee exemption. To establish that it is exempt, Defendant must prove the essential elements of at least one of these exemptions by a preponderance of the evidence.

With respect to the **Executive Employee Exemption**, Defendant must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff was compensated on a salary basis at a rate of not less than $455 per week;

2. Plaintiff's primary duty was the management of the enterprise in which Plaintiff was employed, or of a customarily recognized department or subdivision thereof;

3. Plaintiff customarily and regularly directed the work of two or more other employees; and

4. Plaintiff had the authority to hire or fire other employees or his suggestions and recommendations as to hiring, firing, advancement, promotion, or any other change of status of other employees were given particular weight.

To qualify for this exemption, an employee's primary duty must be the performance of exempt work. The term "primary duty," means the principal, main, major or most important duty that the employee performs. Determination of the Plaintiff's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the Plaintiff's job as a whole. Factors to consider when determining the primary duty of the Plaintiff include, but are not limited to, the relative importance of the exempt duties, as described above, as compared with other types of duties Plaintiff performed; the amount of time Plaintiff spent performing exempt work, as described above; the Plaintiff's relative freedom from direct supervision; and the relationship between the Plaintiff's salary and the wages paid to other employees for the kind of nonexempt work performed by the Plaintiff.

The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee. Thus, employees

who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and the law does not require that exempt employees spend more than 50 percent of their time performing exempt work. Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion.

Work that is "directly and closely related" to the performance of exempt work is also considered exempt work. The phrase "directly and closely related" means tasks that are related to exempt duties and that contribute to or facilitate performance of exempt work. Thus, "directly and closely related" work may include physical tasks and menial tasks that arise out of exempt duties, and the routine work without which the exempt employee's exempt work cannot be performed properly. Work "directly and closely related" to the performance of exempt duties may also include recordkeeping; monitoring and adjusting machinery; taking notes; using the computer to create documents or presentations; opening the mail for the purpose of reading it and making decisions; and using a photocopier or fax machine. Work is not "directly and closely related" if the work is remotely related or completely unrelated to exempt duties.

Generally, "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status;

handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

To qualify as an exempt executive, the employee must customarily and regularly direct the work of two or more other employees. The phrase "two or more other employees" means two full-time employees or their equivalent. One full-time and two half-time employees, for example, are equivalent to two full-time employees. Four half-time employees are also equivalent. The phrase "customarily and regularly," means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed "customarily and regularly" includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks.

The supervision can be distributed among two, three or more employees, but each such employee must customarily and regularly direct the work of two or more other fulltime employees or the equivalent.

To determine whether an employee's suggestions and recommendations are given "particular weight," factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the

frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon. Generally, an executive's suggestions and recommendations must pertain to employees whom the executive customarily and regularly directs. It does not include an occasional suggestion with regard to the change in status of a co-worker. An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of this exemption.

With respect to the **Administrative Employee Exemption**, Defendant must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff was compensated on a salary basis, at a rate not less than $455 per week;

2. Plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

3. Plaintiff's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

To qualify for this exemption, an employee's primary duty must be the performance of exempt work. The term "primary duty," means the principal, main,

major or most important duty that the employee performs. Determination of the Plaintiff's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the Plaintiff's job as a whole. Factors to consider when determining the primary duty of the Plaintiff include, but are not limited to, the relative importance of the exempt duties, as described above, as compared with other types of duties Plaintiff performed; the amount of time Plaintiff spent performing exempt work, as described above; the Plaintiff's relative freedom from direct supervision; and the relationship between the Plaintiff's salary and the wages paid to other employees for the kind of nonexempt work performed by the Plaintiff.

The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee. Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and the law does not require that exempt employees spend more than 50 percent of their time performing exempt work. Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion.

Work that is "directly and closely related" to the performance of exempt work is also considered exempt work. The phrase "directly and closely related" means tasks that are related to exempt duties and that contribute to or facilitate performance of exempt work. Thus, "directly and closely related" work may include physical tasks and menial tasks that arise out of exempt duties, and the routine work without which the exempt

employee's exempt work cannot be performed properly. Work "directly and closely related" to the performance of exempt duties may also include recordkeeping; monitoring and adjusting machinery; taking notes; using the computer to create documents or presentations; opening the mail for the purpose of reading it and making decisions; and using a photocopier or fax machine. Work is not "directly and closely related" if the work is remotely related or completely unrelated to exempt duties.

To qualify for the administrative exemption, an employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers. The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities. Some of these activities may be performed by employees who also would qualify for another exemption.

To qualify for the administrative exemption, an employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance. In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.

The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of

13

significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment.

The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources. The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work.

The term "matters of significance" refers to the level of importance or consequence of the work performed. But an employee does not exercise discretion and independent judgment with respect to matters of significance merely because the employer will experience financial losses if the employee fails to perform the job

properly. For example, a messenger who is entrusted with carrying large sums of money does not exercise discretion and independent judgment with respect to matters of significance even though serious consequences may flow from the employee's neglect. Similarly, an employee who operates very expensive equipment does not exercise discretion and independent judgment with respect to matters of significance merely because improper performance of the employee's duties may cause serious financial loss to the employer.

A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of this exemption.

With respect to the **Highly Compensated Employee Exemption**, the Defendant must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff's total annual compensation is $100,000 or more;

2. Plaintiff customarily and regularly performed any one or more of the exempt duties or responsibilities of an executive or administrative employee; and

3. Plaintiff's primary duty includes performing office or non-manual work.

A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties. Thus, a highly compensated employee will qualify for exemption if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive or administrative employee, as discussed above. An employee may qualify as a highly compensated executive employee, for example, if the employee customarily and

regularly directs the work of two or more other employees, even though the employee does not meet all of the other requirements for the executive exemption. The phrase "customarily and regularly," means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed "customarily and regularly" includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks.

An employee who does not work a full year for the employer, either because the employee is newly hired after the beginning of the year or ends the employment before the end of the year, may qualify for exemption under this section if the employee receives a *pro rata* portion of the minimum amount established in paragraph one of the above elements, based upon the number of weeks that the employee will be or has been employed.

**Duty to Deliberate; Notes**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because other jurors think differently, or just to finish the case.

Remember at all times, you are judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the

notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you may never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.
ORDERED this 22 day of September, 2016.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE