Case 2:15-cv-00182   Document 107   Filed in TXSD on 03/27/17   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
March 27, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY FERRARA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-182 |
| | § | |
| 4JLJ, LLC; dba J4 OILFIELD SERVICES, | § | |
| | § | |
| Defendant. | § | |

## ORDER TAXING COSTS

Pending before the Court is Defendant 4JLJ, LLC's Amended Bills of Costs (D.E. 89) and memorandum in support thereof (D.E. 90). Defendant requests costs in the amount of $11,880.09. D.E. 89. Plaintiff Anthony Ferrara filed objections to the bill of costs (D.E. 91), Defendant filed a response (D.E. 92), and Plaintiff filed a reply (D.E. 93). For the reasons set forth below, the Court awards Defendant costs in the amount of $7,775.46.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d), costs other than attorney's fees should be granted to the prevailing party. Rule 54 affords the court discretion to award taxable costs according to the circumstances of the case, and 28 U.S.C. § 1920 defines which costs are taxable. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987). The statute states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The party who seeks to recover costs has the burden of showing the necessity and reasonableness of the costs requested. *Faculty Rights Coal. v. Shahrokhi*, No. Civ.A. H-04-2127, 2005 WL 1924192, at *1 (S.D. Tex. Aug. 10, 2005). A district court has wide discretion to determine whether the prevailing party is entitled to an award of costs for claimed expenses. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998); *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, No. Civ.A. H-01-4242 (S.D. Tex. Mar. 22, 2006). Nevertheless, Rule 54 creates a strong presumption that the prevailing party will be awarded costs permitted under § 1920. *Sheets v. Yamaha Corp.*, 891 F.2d 533, 539 (5th Cir. 1990).

## ANALYSIS

### A. Timeliness of Amended Bill of Costs

Plaintiff asserts that Defendant's amended bill of costs was untimely filed. Defendant filed its original bill of costs within 14 days of the final judgment, without attaching an itemization or any supporting documentation for the requested costs as required by the Clerk's bill of costs form. Plaintiff objected to many of the costs and the

lack of evidence supporting them. Defendant then simultaneously withdrew the original bill of costs and filed an amended bill of costs which included documentation to support the costs. In the amended bill of costs, Defendant drastically reduced its request for costs from $23,730.95 to $11,880.09. D.E. 86, 89.

Plaintiff argues that the amended bill of costs is untimely because: (1) Defendant failed to file a proper bill of costs in that it did not attach supporting documentation, (2) Defendant failed to file a motion to extend the 14-day filing deadline to add the supporting documentation, and (3) Defendant withdrew the original bill of costs. Defendant states that it filed the amended bill of costs in response to Plaintiff's objections and in an attempt to narrow the disputed issues regarding the costs.

Rule 54.2 of the Local Rules for the Southern District of Texas provides that a bill of costs must be filed within 14 days of the entry of a final judgment. The form approved by the Clerk for the bill of costs states: "Special Note: Attach to your bill an itemization and documentation for requested costs in all categories." Upon motion by a party, a court may, for good cause, extend the time for filing a bill of costs after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1). At least one court has held that a party may not supplement a bill of costs with additional evidence after the 14-day period has expired, unless the party seeks and obtains leave of court. *Modesta Lopez-Santiago v. Grill*, No. 3:13-cv-4268-D, 2015 WL 7294896, at *2 (N.D. Tex. Nov. 18, 2015). Another court allowed a party to supplement the initial bill of costs, without leave of court, stating that the local rule did not prohibit a party from filing an amended bill of costs after submitting a bill within the deadline. *Ignacio v. Cnty. of*

*Hawaii*, No. CV 11-00516 SOM-BMK, 2013 WL 2405211, at *1 (D. Haw. May 31, 2013), *report and recommendation adopted*, 2013 WL 3029738 (June 17, 2013). Because the amended bill of costs merely supplemented the initial bill, the court concluded that the amended bill of costs was timely. *Id.*

Defendant here failed to follow the instructions set forth in the Clerk's form to attach an itemization and documentation for the costs requested when it filed the original bill of costs. Defendant has not explained why it failed to attach documentation or why it failed to file a motion requesting an extension of time to file a proper bill of costs. And it is unclear why Defendant withdrew the original bill of costs, instead of simply filing an amended bill. However, Defendant did not seek an increase in the requested fees when it filed the amended bill of costs, but rather it significantly decreased the request. Therefore, based on the facts of this case, the Court will consider the request for costs. The Court OVERRULES Plaintiff's objection and finds that the amended bill of costs was timely filed.

### B. Fees for Service of Summons and Subpoena

Defendant seeks $440.00 incurred for service or attempted service of subpoenas on four individuals by private process servers.[1] Section 1920 allows the prevailing party to recover "fees for the . . . marshal," but not for private process servers. 28 U.S.C. § 1920(1); *see also Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x. 421, 431 (5th Cir. 2010) ("[A]bsent exceptional circumstances, the costs of private process servers are not

---

[1] Defendant initially requested fees for service of subpoenas on seven individuals in the amount of $896.00. However, Defendant has withdrawn the request as to three individuals.

recoverable under Section 1920."). Defendant points out that the Marshals Service has adopted a policy directive encouraging the use of private process servers. D.E. 90-3, p. 2.

In the alternative, Defendant seeks $220.00 in fees (four subpoenas at a rate of $55.00 which is the rate charged by the Marshals Service). *See, e.g., Standley v. Rogers*, No. SA-14-CA-00977-XR, 2016 WL 5859677, at *1 (W.D. Tex. Oct. 6, 2016). Plaintiff agrees that Defendant is entitled to costs that the Marshals Service would charge, but challenges the costs related to two individuals.

Plaintiff objects to the costs associated with service on Rebekkah Clark because Clark is Defendant's vice president so a subpoena was not necessary. Defendant argues it was necessary to subpoena Clark because she was scheduled for jury duty on the day of trial. D.E. 92-1. The Court OVERRULES Plaintiff's objection as it relates to Clark.

Plaintiff further objects to the fees associated with the attempted service on Humberto Morales. Plaintiff argues that because Morales was not served or called to testify at trial, the attempted service was not necessary for the trial. D.E. 91, pp. 6-7. Some courts have refused to tax costs associated with an unsuccessful service attempt. *See, e.g., Olivarius v. Tharaldson Prop. Mgmt. Inc.*, No. 08 C 463, 2012 WL 1117468, at *2 (N.D. Ill. Apr. 3, 2012); *Goldberg v. Pac. Indem. Co.*, No. CV-05-2670-PHX-JAT, 2009 WL 1804861, at *2 (D. Ariz. June 24, 2009). At least one court has allowed such recovery by reasoning that the Marshals Service collects fees for unsuccessful service. *See, Baker Hughes Inc. v. S&S Chemical, LLC*, No. 1:14-cv-531, 2016 WL 6155688, at *3 (W.D. Mich. Oct. 24, 2016). The Court will allow the fees associated with the

attempted service on Morales. Plaintiff's objection is OVERRULED as it relates to the attempted service on Morales.

The Court will award Defendant fees for service of subpoenas on four individuals at the rate the Marshals Service charges. Thus, costs are taxed against Plaintiff in the amount of $220.00.

### C. Fees for Printed or Electronically Recorded Transcripts

Defendant seeks to recover $1,518.85 for the deposition transcripts of Plaintiff, Rebekkah Clark, Colton Willis, and Cody Mosely. However, the total of the invoices submitted is $1,643.70. D.E. 90-4. The Court cannot determine the basis for this discrepancy so will use the $1,518.85 amount in determining costs. Plaintiff objects to a portion of those fees ($779.80), arguing that § 1920(2) does not permit recovery for administrative fees, exhibit scanning fees, e-transcript fees, per diem fees, and fees related to obtaining witness signatures. D.E. 91, pp. 7-8.

Generally, the basic costs of an original deposition transcript and one copy are taxable against the non-prevailing party. *Sealy v. Emcare, Inc.*, No. 2:11-CV-120, 2013 WL 3772470, at *2 (S.D. Tex. July 15, 2013) (citing *WesternGeco L.L.C. v. ION Geophysical Corp.*, No. 4:09-cv-1827, 2013 WL 3148671, at *24 (S.D. Tex. June 19, 2013); *Krohn v. David Power Homes, Inc.*, No. H-07-3885, 2009 WL 2605284, at *4 (S.D. Tex. Aug. 21, 2009)). Defendant requested only e-transcripts for the depositions of Clark, Willis, and Mosely. The Court will allow costs for these transcripts ($715.40). The invoice for the transcript of Plaintiff's deposition reflects Defendant received the

original, a copy, and an e-transcript; a per diem charge of $120.00, which is not described; and a witness signature/filing requirements charge of $40.00.

The Court awards costs for the original transcript and one copy, and excludes costs for the e-transcript, the per diem, and the witness signature/filing requirements. Plaintiff's objection is PARTIALLY SUSTAINED and Plaintiff is taxed $1,328.85 for the deposition transcripts.

### D. Fees and Disbursements for Printing

Defendant seeks to recover $4,722.67 for fees related to printing documents in preparation for trial.[2] Defendant states that it incurred more than $9,000 of printing costs, but reduced the requested amount in an effort to address Plaintiff's objections. Defendant submitted eight invoices for printing costs. In his declaration, Defendant's counsel states that the items set forth in the invoices were necessarily obtained for use in this litigation. D.E. 90-1. The Court has deducted the amounts withdrawn by Defendant from the invoices which leaves the following:

| | |
|---|---|
| $1,297.86 | "Charges received for printing and copies of pleadings filed to date at time of substitution of counsel." |
| $23.60 | "Charges for printing and copies of witness files prepared in anticipation of upcoming depositions." |
| $103.92 | "Charges for printing and copies of additional witness files prepared in anticipation of upcoming depositions." |
| $768.24 | "Charges for printing and copies of witness files for all persons identified in Plaintiff's witness list in anticipation of trial." |

---

[2] Defendant initially sought to recover $5,076.12 in costs related to printing. Defendant has withdrawn $353.45 from the request for office supplies such as folders, redwells, binders, and tabs. D.E. 92, p. 5. The amount stated by Defendant for these items ($11.25, $32.50, $125.00, $150.00, and $24.70) actually totals $343.45.

7 / 10

| | |
|---|---|
| $142.92 | "Charges for printing documents for trial preparation." |
| $168.96 | "Charges for printing additional documents for trial preparation." |
| $1,970.16 | "Charges for printing and copies of Exhibit Notebooks for all parties and the court[.]" |
| $250.01 | "Charges for printing and copies of notebooks for trial." |

D.E. 90-1; 90-5, pp. 3-10.  These amounts total $4,725.67 which is $3.00 more than requested.  The Court will use the $4,722.67 amount in determining costs.

Plaintiff objects because: (1) Defendant failed to meet its burden to show that the expenses were necessary because there is no description as to what documents were printed and why they were needed, (2) a portion of the amount includes untaxable items such as office supplies and labor, and (3) Plaintiff should not be charged for copies related to the substitution of defense counsel.  D.E. 91, p. 7.

Costs of photocopies obtained for use in litigation are recoverable upon proof of necessity.  28 U.S.C. § 1920(4); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).  The prevailing party has the burden of showing that copies were necessary. *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991).  "While [the court] certainly do[es] not expect a prevailing party to identify every xerox copy made for use in the course of the legal proceedings, [it] does require some demonstration that reproduction costs necessarily result from that litigation."  *Id.*  Copies made for the convenience of counsel are not reimbursable.  *Id.*

The Court excludes costs associated with labor and assembly charges ($131.90, D.E. 90-5, p. 3 and $150.00, D.E. 90-5, p. 9) which total $281.90.  *See Thatcher v.* The

Court finds that the remainder of Defendant's costs were necessary printing expenses as described in the declaration of counsel. Accordingly, Plaintiff's objection is PARTIALLY SUSTAINED and Plaintiff is taxed $4,440.77 for printing expenses.

### E. Fees for Exemplification and the Costs of Making Copies

Defendant seeks reimbursement of $1,125.76 for costs incurred doing research on Westlaw and Pacer. Plaintiff argues that such costs are not taxable under § 1920 and the Court agrees. *See Scott v. Amarillo Heart Grp.*, No. 2:12-CV-112-J, 2013 WL 4441533, at *2 (N.D. Tex. Aug. 20, 2013). Plaintiff's objection is SUSTAINED.

### F. Fees for Witnesses

Defendant seeks to recover $3,263.36 of costs related to the appearance of 12 witnesses. Plaintiff objects to the mileage costs ($1,397.52) associated with four witnesses—Travis Irelan, Cody Mosely, Colton Willis, and John Jalufka—because these witnesses reside and ordinarily work in Nueces County. Plaintiff argues that the mileage costs should be determined from a witness's residence, there are no receipts for the costs, the evidence is insufficient to demonstrate that these expenses were actually incurred and paid, and these witnesses were employed by Defendant. Defendant claims that Irelan, Mosely, and Willis traveled to trial from Madisonville, Texas (558 miles) and Jalufka traveled from Fort Stockton, Texas (914 miles). These locations appear to be where these witnesses were working.

The Court agrees with Plaintiff that mileage costs should be determined from the residence of the witness. Regarding witness fees, the bill of costs form requests the "Name, City and State of <u>Residence</u>" of the witness (emphasis added). Plaintiff's

objection is SUSTAINED in that regard and the Court excludes costs in the amount of $1,397.52.

Plaintiff also objects to the witness fees associated with Julio Quintanilla and Michael Perez, totaling $80, because Defendant agreed to assume those costs in exchange for a continuance. Defendant did not respond to this objection so Plaintiff's objection is SUSTAINED. Accordingly, Plaintiff is taxed $1,785.84 for witness fees.

## CONCLUSION

For the reasons set forth above, the Court SUSTAINS IN PART and OVERRULES IN PART Plaintiff's objections to Defendant's Amended Bill of Costs (D.E. 89). The Court ORDERS Plaintiff to pay Defendant $7,775.46 in taxable costs within 30 days of the date of this Order.

ORDERED this 27th day of March, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE